**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VAUDRAL LUXAMA, CHANDLER LUXEUS, JAVIER R. GARCIA, FREDO BONHOMME, SANTOS MALDONADO, CHANEL FONTIN, *each individually and as class representatives*,<br><br>*Plaintiffs*,<br><br>v.<br><br>IRONBOUND EXPRESS, INC.,<br><br>*Defendant*. | Civil Action No. 11-2224<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

      This matter comes before the Court by way of Defendant's motions to strike, D.E. 295, 303, and Plaintiffs' cross-motions to supplement and/or amend, D.E. 310, 314. The Court reviewed the parties' submissions[1] and considered the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the following reasons, Defendant's motions to strike, D.E. 295, 303, are **GRANTED**. Plaintiffs' cross-motions to supplement and/or amend, D.E. 310, 314, are **DENIED**.

---

[1] Defendant's brief in support of its first motion to strike is referred to as "Def.'s First Br." (D.E. 295); Plaintiffs' opposition is referred to as "Pl.'s First Opp." (D.E. 309); and Defendant's reply is referred to as "Def.'s First Reply" (D.E. 312). Defendant's brief in support of its second motion to strike is referred to as "Def.'s Second Br." (D.E. 303); Plaintiffs' opposition is referred to as "Pl.'s Second Opp." (D.E. 314); and Defendant's reply is referred to as "Def.'s Second Reply" (D.E. 315).

I.     BACKGROUND

For purposes of the pending motions, the Court need not retrace this matter's full factual and procedural history. On January 29, 2019, Defendant submitted its letter requesting leave to file for summary judgment, accompanied with its statement of material facts. D.E. 236. Plaintiffs filed their letter in opposition, D.E. 239, later submitting their responsive statement of material facts, D.E. 242. On April 1, 2019, Plaintiffs submitted their own letter requesting leave to file for summary judgment, accompanied with their statement of material facts. D.E. 255. Defendant filed in opposition its responsive statement of material facts, D.E. 270.[2] The Court reviewed the parties' submissions, and on June 12, 2019, the Court granted the parties' requests for leave to file their respective summary judgment motions. D.E. 273, 274.

On January 27, 2020, Plaintiffs filed their motion for summary judgment, D.E. 281, to which Defendant filed opposition, D.E. 296. On February 2, 2020, Defendant filed its motion for summary judgment, D.E. 282, to which Plaintiffs filed opposition, D.E. 297. The Court then adjourned the parties' respective replies in support of their motions pending the Court's decision on the motions to strike. D.E. 308. The current dispute concerns certain factual statements and/or evidentiary support upon which Plaintiffs rely in support of their motion for summary judgment, D.E. 281, and in opposition to Defendant's motion for summary judgment, D.E. 297.

II.    ANALYSIS

Federal Rule of Civil Procedure 56 governs summary judgments. Local Civil Rule 56.1 does the same. The local rule provides in part as follows:

---

[2] Defendant only filed its responsive statement of material facts but did not include a letter in opposition, D.E. 270.

> (a) Statement of Material Facts Not in Dispute
>
> On motions for summary judgment, the *movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue*, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed. The opponent of summary judgment *shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement* and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.

L. Civ. R. 56.1(a) (emphases added).

The Court's summary judgment procedure, listed under the Court's judicial preferences, provides in relevant part as follows:

> When seeking leave [to file for summary judgment], the moving party must first submit a letter, no longer than three (3) pages, summarizing the party's substantive argument. *The party must also submit the party's statement of material facts not in dispute pursuant to Local Civil Rule 56.1.* Within two weeks of the moving party's filing, the party opposing the motion must also submit a letter, no longer than three (3) pages, summarizing the party's substantive argument in opposition. *The party opposing the motion must also submit its responsive statement of material facts and supplemental statement of disputed material facts pursuant to Local Civil Rule 56.1. . . .* In addition, when submitting the statements of facts pursuant to Local Civil Rule 56.1, the parties shall not attach the underlying, supporting evidence. . . . *If leave is granted, the parties are bound by their respective statements of facts pursuant to Local Civil Rule 56.1 that were submitted with the request seeking leave to file the motion*.

*Judicial Preferences of the Honorable John Michael Vazquez*, U.S. District Court, District of New Jersey, https://www.njd.uscourts.gov/content/john-michael-vazquez (emphases added).

Moreover, the Court's prior order granting Plaintiffs leave to file their motion for summary judgment, D.E. 273, explicitly stated as follows: (1) "Plaintiffs' motion for summary judgment is

3

limited to the issues raised in their letter," and "[i]f Plaintiffs raise additional issues, they will be disregarded by the Court"; and (2) "the parties *shall refer to, and not refile . . . Plaintiffs' statement of undisputed material facts*, D.E. 255." *See* D.E. 273 (emphasis added). Similarly, pursuant to the Court's prior order granting Defendant leave to file its motion for summary judgment, D.E. 274, the Court ordered that "the parties *shall refer to, and not refile . . . Plaintiffs' response to Defendant's statement of undisputed material facts*, D.E. 242." *See* D.E. 274 (emphasis added).

Taking the Court's judicial preferences together with the Court's two orders granting the parties leave to file, it is clear that (1) Plaintiffs are bound by the statement of material facts that they submitted in connection with their own request for leave to file for summary judgment (D.E. 255); (2) Plaintiffs are bound by the responsive statement of material facts that they submitted in opposition to Defendant's request for leave to file for summary judgment (D.E. 242); and (3) Plaintiff's motion for summary judgment is limited to the issues raised in its initial letter seeking leave, D.E. 255.

With this framework in mind, the Court turns to the motions currently pending in this matter: (1) Defendant's first motion to strike, D.E 295; (2) Defendant's second motion to strike, D.E. 303; and (3) Plaintiffs' cross-motions to supplement and/or amend their statements of material facts, D.E. 310, 314. The Court addresses each motion in turn.

### A. Defendant's First Motion to Strike

Defendant's first motion seeks to strike the following: (1) Plaintiffs' new "supplemental undisputed facts," D.E. 281-4, ¶¶ 58-95; (2) the certification of Lauren X. Topelsohn, D.E. 281-2; and (3) the certification of Steven I. Adler and "all exhibits [attached] thereto," D.E. 281-1, Exs. 1-21. *See* Def.'s First Br. at 11.

With respect to Plaintiffs' new statement of "supplemental disputed facts," D.E. 281-4, ¶¶ 58-95, such facts were not included in Plaintiffs' original statement of material facts, D.E. 255. Plaintiffs cannot add and rely on factual statements or evidentiary support that was not included in their original statement of material facts. Accordingly, the Court strikes Plaintiffs' statement of "supplemental disputed facts," D.E. 281-4, to the extent that this new submission differs from Plaintiffs' original statement of material facts. The Court only considers Plaintiffs' original statement of material facts, D.E. 255.

With respect to the certification of Lauren X. Topelsohn, D.E. 281-2, the certification includes thirty-one (31) numbered paragraphs related to Defendant's "new lease." The Court strikes the certification in its entirety. To the extent that the certification can be construed as positing new "statements of fact,"[3] the Court strikes the certification insofar as this new submission contains factual statements that were not included in Plaintiffs' original statement of material facts, D.E. 255, or responsive statement of material facts, D.E. 242. Moreover, the certification also appears to address issues related to Defendant's "new lease" – but the issue of Defendant's "new lease" was never raised by Plaintiffs in their letter seeking leave to file for summary judgment, D.E. 255. And as the Court made clear in its prior order granting Plaintiffs leave to file for summary judgment, "Plaintiffs' motion for summary judgment is limited to the issues raised in their letter" and "[i]f Plaintiffs raise additional issues, they will be disregarded by the Court." *See* D.E. 273. Plaintiffs may not raise new issues that were not originally raised in their letter seeking

---

[3] The Court notes that many of the numbered paragraphs in Ms. Topelsohn's certification do not contain accompanying citations to the record as required by Fed. R. Civ. P. 56(c) and L. Civ. R. 56.1(a). Moreover, Ms. Topelsohn's certification improperly contains numerous legal arguments and conclusions of law. *See Teubert v. SRA Intl., Inc.*, 192 F. Supp. 3d 569, 575 (D.N.J. 2016) ("[Local Civil] Rule 56.1 mandates that the parties' statements of material fact 'shall not contain legal argument or conclusions of law.'") (quoting L. Civ. R. 56.1(a)).

leave to file. In sum, the Court strikes the certification of Lauren X. Topelsohn, D.E. 281-2, and will not consider this submission in deciding Plaintiffs' motion for summary judgment.

With respect to the certification of Steven Adler and the exhibits attached thereto, D.E. 281-1, the certification includes sixty-nine (69) numbered paragraphs addressing various issues involving, *inter alia*, Defendant's "new lease," Defendant's use of trip sheets, and Defendant's alleged overcharging for workers' compensation insurance. Also attached to the certification are twenty-one (21) exhibits as evidentiary support. To the extent that the certification can be construed as positing new statements of fact, the Court strikes the certification insofar as this new submission contains factual statements that were not included in Plaintiffs' original statement of material facts, D.E. 255, or responsive statement of material facts, D.E. 242. As for the exhibits attached to the certification, the Court strikes those exhibits not previously cited as evidentiary support in Plaintiffs' original statement of material facts, D.E. 255, or responsive statement of material facts, D.E. 242. In other words, any exhibits that were not cited as evidentiary support in Plaintiffs' statement of material facts or responsive statement of material facts, will not be considered by the Court in deciding Plaintiffs' motion for summary judgment.[4]

In sum, the Court grants Defendant's first motion to strike to the extent discussed above. The Court will not consider any factual statements or evidentiary support that was not included in Plaintiffs' original statement of material facts or responsive statement of material facts.

---

[4] Defendant broadly characterizes "all" of the exhibits attached to the Alder certification as "new exhibits" that should be stricken. Def.'s First Br. at 12. Yet, the Court notes that at least some of the exhibits do not appear to be "new exhibits." For example, Ex. 11 of the Alder certification appears to be the same evidentiary support cited to in Plaintiffs' original statement of material facts. *Compare, e.g.*, D.E. 255, ¶ 5, n.2, *with* D.E. 281-1, Ex. 11. The Court will only consider evidentiary support cited in Plaintiffs' statement of material facts, D.E. 255, and responsive statement of material facts, D.E. 242.

**B. Defendant's Second Motion to Strike**

Defendant's second motion seeks to strike the following: (1) Plaintiff's new responsive statement of material facts, D.E. 297-1; (2) the new certifications of Vaudral Luxama, Chanel Fontin, and Javier Garcia, D.E. 297-4, 297-5, 297-6; and (3) Plaintiffs' "consolidation of parties' submissions," D.E. 297-3, Ex. M. *See* D.E. 303. Because Plaintiffs do not object to Defendant's motion insofar as it seeks to strike Exhibit M, Pl.'s Second Opp. at 1 n.2, the Court strikes the exhibit. The Court next addresses Plaintiffs' new responsive statement of material facts, D.E. 297-1, and the new certifications of Luxama, Fontin, and Garcia, D.E. 297-4, 297-5, 297-6.

With respect to Plaintiffs' new responsive statement of material facts, D.E. 297-1, the Court strikes this submission to the extent that it differs from Plaintiffs' original responsive statement of material facts, D.E. 242. The Court will only consider Plaintiffs' original responsive statement of material facts and the accompanying evidentiary support cited therein.

With respect to the new certifications of Luxama, Fontin, and Garcia, D.E. 297-4, 297-5, 297-6, such certifications were signed by their respective affiants on May 11, 2020 – well over a year after Plaintiffs first submitted their responsive statement of material facts. Plaintiffs cannot introduce and rely upon new evidentiary support that was not included in their original responsive statement of material facts. Accordingly, the Court strikes the new certifications of Luxama, Fontin, and Garcia, D.E. 297-4, 297-5, 297-6.[5]

In sum, the Court grants Defendant's second motion to strike to the extent discussed above. As previously noted, the Court will not consider any factual statements or evidentiary support that

---

[5] Defendant makes various other arguments as to why the Court should strike the new certifications. Def.'s Second Br. at 7-10. The Court does not reach these assertions in light of its ruling that the certifications should be struck. To the extent Defendant contends that Plaintiffs improperly assert a new claim for escrow interest, *id*. at 9-10, the Court will address this issue in its summary judgment opinion.

was not included in Plaintiffs' original statement of material facts or responsive statement of material facts.

### C. Plaintiffs' Cross-motions to Supplement and/or Amend

Lastly, Plaintiffs cross-move for permission to supplement and/or amend their statement of material facts, D.E. 255, and responsive statement of material facts, 242. Specifically, Plaintiffs seek permission to substitute their new statement of material facts, D.E. 281-4, in place of their original statement of material facts, D.E. 255. *See* D.E. 310. Similarly, Plaintiffs also seek permission to substitute their new responsive statement of material facts, D.E. 297-1, in place of their original responsive statement of material facts, D.E. 242. *See* D.E. 314. Yet, Plaintiffs fail to show good cause (or provide any justifiable reason) as to why they failed to include such information before the Court granted leave to file for summary judgment. As a result, and in accordance with the Court's summary judgment procedure and prior orders, Plaintiffs' cross-motions to amend and/or supplement are denied.

### III.    CONCLUSION

For the foregoing reasons, and for good cause shown,

**IT IS** on this 6th day of July, 2020,

**ORDERED** that Defendant's motions to strike, D.E. 295, 303, are **GRANTED**. The Court will disregard any statements of fact and/or evidentiary support relied upon by Plaintiffs that was not included in either (1) Plaintiffs' original statement of material facts, D.E. 255, or (2) Plaintiffs' responsive statement of material facts, D.E. 242; and it is further

**ORDERED** that Plaintiffs' cross-motions to supplement and/or amend their statement of material facts and responsive statement of material facts, D.E. 310, 314, are **DENIED**; and it is further

**ORDERED** that, pursuant to the Court's prior order dated June 1, 2020, D.E 308, the parties shall submit their respective summary judgment replies within ten (10) days of this Order.

John Michael Vazquez, U.S.D.J.