**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VAUDRAL LUXAMA, CHANDLER LUXEUS, JAVIER R. GARCIA, FREDO BONHOMME, SANTOS MALDONADO, and CHANEL FONTIN, *each individually and as class representatives*,<br><br>*Plaintiffs*,<br><br>v.<br><br>IRONBOUND EXPRESS, INC.,<br><br>*Defendant*. | Civil Action No. 11-2224<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Defendant's motion for reconsideration of the Court's Opinion, D.E. 333 ("Summary Judgment Opinion" or "SJ Op."), and Order, D.E. 334. The Court reviewed all submissions made in support of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Defendant's motion is denied.

I.   **BACKGROUND**

The Court's Summary Judgment Opinion contained a detailed factual background, which is incorporated by reference here. Summary Judgment Opinion at 2-7. As a result, the Court provides only a brief discussion of the relevant background.

The operative pleading is Plaintiffs' Third Amended Complaint, D.E. 118 ("TAC"). SJ Op. at 2, n. 3. Defendant is an intermodal container and chassis transport company based in Newark, New Jersey. *Id*. at 2-3. Defendant contracts with steamship lines and other customers to

transport shipping containers and chassis to and from ports, shipping terminals, and customer locations throughout the Northeast and elsewhere in the United States. *Id*. at 3. Named Plaintiffs are six individuals who perform services as owner-operator truck drivers and who leased or currently lease their tractors to transport shipping containers and/or chassis for Defendant. *Id*. Defendant engages drivers, such as Plaintiffs, to provide transportation services pursuant to a written lease agreement (the "Lease"). *Id*.

The Lease is subject to the Truth-in-Leasing regulations (the "Regulations"), 49 C.F.R. § 376.1 *et seq*., promulgated under the Motor Carrier Act, 49 U.S.C. § 1401 *et seq. Id*. at 21. The purpose of the Regulations is to "protect independent truckers from motor carriers' abusive leasing practices." *Id*. at 22 (quoting *Fox v. Transam Leasing, Inc.*, 839 F.3d 1209, 1211 (10th Cir. 2016)). The Regulations mandate certain required terms in leases between the carriers, like the Defendant, and independent truckers, like the Plaintiffs, and include a private right of action. *Id*. at 22-25. Plaintiffs claim that the Lease fails to comply with the Regulations in several respects and that Defendant breached the Lease. *Id*. at 2; *see also id*. at 22-25.

On January 29, 2019, Defendant requested leave to file a motion for summary judgment, accompanied by its statement of material facts. D.E. 236. Plaintiffs filed their letter in opposition, D.E. 239, later submitting their responsive statement of material facts, D.E. 242. On April 1, 2019, Plaintiffs requested leave to file a motion for summary judgment, accompanied with their statement of material facts. D.E. 255. Defendant filed its opposition and its responsive statement of material facts. D.E. 270. The Court permitted the parties to file their respective summary judgment motions, D.E. 273, 274, which the parties did, D.E. 281, D.E. 282.

On March 26, 2021, the Court issued the Summary Judgment Opinion and an Order resolving the motions for summary judgment. *See* SJ Op.; D.E. 334. The Court granted in part

and denied in part Defendant's motion for summary judgment. The Court granted Defendant's motion for summary judgment (1) that Paragraph 17 of the Lease complies with 49 C.F.R. § 376.12(h); (2) that Paragraph 18 of the Lease complies with 49 C.F.R. § 376.12(h); and (3) that Paragraph 20(e) of the Lease complies with 49 C.F.R. § 376.12(j)(3). D.E. 334 at 1-2. The Court otherwise denied Defendant's motion. *Id*. The Court also granted in part and denied in part Plaintiffs' motion for summary judgment. The Court granted Plaintiff's motion for summary judgment (1) for breach of contract as to Paragraph 17(b) of the Lease; (2) for a declaratory judgment that the Lease violates 49 C.F.R. §§ 376.12(d), 12(g), 12(h); and (3) for injunctive relief as to 49 C.F.R. §§ 376.12(d), 12(g), and 12(h). *Id*. at 2. The Court otherwise denied Plaintiffs' motion. The present motion followed.

## II.   RECONSIDERATION STANDARD

Defendant moves for reconsideration under Fed. R. Civ. P 59(e). A motion for reconsideration is appropriate based on "'(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017), *as amended* (Jan. 25, 2017). "Reconsideration motions may not be used to relitigate old matters or to raise arguments or present evidence or allegations that could have been raised prior to entry of the original order." *Edison C. F. v. Decker*, No. CV 20-15455 (SRC), 2021 WL 1997386, at *4 (D.N.J. May 19, 2021) (addressing reconsideration motion under Fed. R. Civ. P 59(e) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008)).

Defendant states that its motion is based on "clear errors of law" and the need to "prevent manifest injustice." D.E. 337-1 at 1. However, in light of Defendant's arguments, its actual basis

3

is not clear.

## III. ANALYSIS

Defendant appears to contend that the Court found that Defendant's act of overcharging Plaintiffs for workers compensation insurance violated 49 C.F.R. § 376.12(h). *See e.g.*, D.E. 337-1 at 1-2; *id*. at 8. This is not accurate. Instead, the Court held there was no dispute that Defendant breached Paragraph 17(b) of the Lease – which only permitted Defendant to chargeback to Plaintiffs the "cost" of workers compensation insurance – based on Defendant's admission that "the aggregate deductions from the drivers' pay exceeded the amount Ironbound advanced for the premiums from 2007 to 2011." SJ Op. at 21 (quoting Def. RSOMF[1] ¶ 45). Yet Defendant does not appear to challenge this aspect of the Summary Judgment Opinion[2]; rather, Defendant continuously cites to page 28 of the Summary Judgment Opinion, which denied a portion of Defendant's motion for summary judgment and did not involve Plaintiffs' motion for summary

---

[1] Capitalized terms and abbreviations not otherwise defined herein shall have the same definitions as those provided in the Summary Judgment Opinion.

[2] Defendant does not argue that Plaintiffs' breach of contract claims under Paragraph 17(b) of the Lease fail for lack of damages. However, Defendant does improperly raise an issue as to the breach of contract claim in its reply brief. *See* D.E. 348. The Court does not consider this argument. *See, e.g.*, *Cobra Enterprises, LLC v. All Phase Servs., Inc.*, No. CV 20-4750 (SRC), 2020 WL 2849892, at *1 (D.N.J. June 1, 2020) ("[T]his Court will not accept arguments offered for the first time in the reply brief, as they were not properly asserted in the opening brief and Plaintiffs have not had the opportunity to respond to them."). In fact, reply papers are ordinarily not permitted for motions for reconsideration. L. Civ. R. (d)(3) ("No reply papers shall be filed, unless permitted by the Court, relating to the following motions . . . Reconsideration under L.Civ.R. 7.1(i) . . ."). Moreover, even if the Court considered the merits of Defendant's argument, the Court would still deny the motion. The Court's decision to reserve the amount of damages for trial while simultaneously concluding there was no dispute that Defendant breached the terms of the Lease was consistent with settled New Jersey law. *City of Trenton v. Cannon Cochran Mgmt. Servs., Inc.*, No. A-5576-09T1, 2011 WL 3241579, at *4 (N.J. Super. Ct. App. Div. Aug. 1, 2011) (affirming grant of partial summary judgment as to liability on breach of contract claim and reasoning "liability for breach of contract does not require proof of damage beyond the breach itself." (quoting *Nappe v. Anschelewitz, Barr, Ansell & Bonello*, 477 A.2d 1224, 1228 (N.J. 1984)).

4

judgment.

Defendant's motion is also untimely.  Defendant asserts that its motion is made pursuant Fed. R. Civ. P 59(e) and is therefore subject to a 28-day filing deadline rather than the 14-day deadline under L. Civ. R. 7.1(i).  However, Rule 59 only applies to final orders rather than interlocutory orders denying summary judgment. *K.J. v. Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ.*, No. CV 14-145 (RBK/JS), 2020 WL 3542305, at *3 (D.N.J. June 30, 2020) (citing *Mitchell v. Twp. of Willingboro Municipality Gov't*, 913 F. Supp. 2d 62, 78 (D.N.J. 2012) ("The provisions of Rule 59 are designed to address orders rendering a final judgment, not interlocutory orders denying summary judgment.")).  Because Defendant seeks reconsideration "of an 'interlocutory order[] denying summary judgment,' rather than a final judgment, the 14-day time limit in Rule 7.1(i) controls." *Id*.

The Summary Judgment Opinion and Order were entered on March 26, 2021.  D.E. 333, D.E. 334.  Defendant filed the motion for reconsideration on April 26, 2021.  Under either the Fed. R. Civ. P. 59(e) or L. Civ. R. 7.1(i), the motion is untimely.  Defendant moved for an extension *nunc pro tunc*.  D.E. 341.  However, that motion is based on the incorrect premise that "[p]ursuant to Fed. R. Civ. P. 59(e), Defendant was permitted 28 days to seek reconsideration of the Opinion and a motion for reconsideration was due to be filed on April 23, 2021." D.E. 341-1 at 2.  As discussed, this is incorrect. *K.J.*, No. CV 14-145 (RBK/JS), 2020 WL 3542305, at *3.  Accordingly, the motion for an extension is denied, and the motion for reconsideration is denied as untimely under L. Civ. R. 7.1(i).[3]

---

[3] The standards under Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(i) are identical. *Compare In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d at 87 *with Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted); *see also VisionSoft Consulting, Inc. v. Cognitus Consulting, LLC*, No. 319CV11526BRMDEA, 2020 WL 5542790, at *7 (D.N.J. Sept. 16, 2020)("[The] standard for a motion brought under L.Civ.R. 7.1(i) is the same as that for

However, even if the Court were to consider the substance of Defendant's motion, the motion would be denied. The Court construes Defendant as challenging the Court's denial of Defendant's motion for summary judgment as to Count Four of the TAC. *See* D.E. 337-1 at 9 (citing SJ Op. at 28). As noted, Defendant challenges the conclusions reached on page 28 of the Summary Judgment Opinion relating to workers compensation insurance. By way of background, Defendant moved for summary judgment as to Plaintiffs' claims under the Regulations, arguing that even if the Regulations were violated, Plaintiffs had suffered no damages. D.E. 282-1 at 14-17. Despite its admission that it overcharged Plaintiffs for workers compensation insurance from 2007 to 2011, Defendant argued that Plaintiffs had suffered no damages because (a) Defendant later undercharged Plaintiffs for workers compensation insurance and (b) because Plaintiffs would have paid more for workers compensation insurance if they bought it on the open market. *Id.* The Court disagreed. The Court reasoned that, even if it were true that Plaintiffs "would have paid more for insurance if they bought it on the open market," Defendants had failed to provide "legal authority as to why this would act as a damages offset." SJ Op. at 28.

The Court sees no basis to reconsider this aspect of its opinion, which was based on Defendant's failure to meet its burden to show its entitlement to "judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court concluded that Defendant failed to provide the requisite legal authority as to the issue of offset. SJ Op. at 28. Subsection II.B. of Defendant's brief in support of its motion for summary judgment (captioned "Plaintiffs Sustained No Damages When They Voluntarily Purchased Parking And Workers Compensation Coverage From Ironbound Because They Were Cheaper Than What Could Be Bought Elsewhere"), D.E. 282-1 at 16-17, did not

---

a motion brought under Rule 59(e), which governs motions to alter or amend a judgment.").

contain a single citation to legal authority. On the motion for reconsideration, Defendant still fails to provide legal authority much less establish a cognizable basis for reconsideration.

In fact, Defendant appears to concede that the issue is appropriate for jury resolution. Defendant writes: "how can Plaintiffs viably claim to be 'overcharged' by a vendor selling a subsidized product at the lowest available price?[4] Such a factual dispute at the heart of this issue *surely must be resolved by a jury*." D.E. 337-1 at 4-5 (emphasis added). Yet, the Court did leave this issue for the jury. The Court found that Defendant had breached the Lease but left the issue of damages for jury consideration. SJ Op. at 28; *see also id*. at 21 ("[S]ummary judgment is not granted as to the *amount* of damages caused by the breach.").

Defendant next argues that "the Court overlooked *controlling law*—submitted by Ironbound—that it is entirely lawful for Ironbound to make a . . . profit from its offering of insurance premiums through the subsidized group policy it obtained for and offered to the drivers." D.E. 337-1 at 5 (emphasis added (citing *Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co. (AZ)*, No. CV-02-1059-PHX-PGR, 2007 WL 2808997, at *2 (D. Ariz. Sept. 27, 2007) ("Swift I")). Defendant appears to contend that a District of Arizona case is binding on this Court. No district court decision is binding on this Court.[5] Defendant does not cite a precedential Third Circuit or Supreme Court decision that this Court overlooked. Regardless of whether the Regulations permitted Defendant to profit from charges relating to workers compensation

---

[4] Defendant's rhetorical question also ignores the express language of the Lease – that the parties specifically agreed that Defendant would only chargeback the "cost" of workers compensation insurance to Plaintiffs. See SJ Op. at 20 (quoting Lease ¶ 17(b)).

[5] Defendant's brief includes a block quote from *Swift I* that cites to decisions from district courts in the Middle District of Florida and the District of Utah. Decisions by such courts are in no sense binding or "controlling" on this Court as Defendant claims, nor or any of the non-Third Circuit, non-Supreme Court decisions cited in Defendant's motion.

insurance, Defendant was not permitted to do so under the plain terms of the Lease. *Id*.

Defendant next argues that "the Court granted Plaintiffs' summary judgment motion based on a determination that Ironbound's ability to offset the (albeit non-existent) harm to Plaintiffs by the far greater cost to Ironbound in subsidizing the drivers' insurance premiums is not a disputed issue of material fact." D.E. 337-1 at 8 (citing SJ Op. at 28). Defendant is mistaken. The portion of the Summary Judgment Opinion that Defendant cites to did not grant any aspect of Plaintiffs' motion for summary judgment; the portion denied *Defendants' motion*. *See* SJ Op. at 28. Instead, the Court held that Defendant failed to provide legal authority for its offset argument. *Id*.

Defendant next claims that the Court erred in denying "Ironbound's motion for summary judgment after finding a genuine issue of material fact related to workers' compensation insurance damages." D.E. 337-1 at 9 (citing SJ Op. at 28). Defendant again mischaracterizes the Court's Opinion. As explained, the Court concluded Defendant failed to provide the requisite legal authority as to the issue of offset. SJ Op. at 28. Moreover, the Court ultimately granted Defendant summary judgment that "the workers' compensation provision of the Lease complies with Section 376.12(h); there is no genuine dispute of material fact as to this issue . . . Defendant's motion for summary judgment on the issue is granted." SJ Op. at 33-34. In other words, the Court found that the relevant section of the Lease complied with the Regulations but that Defendant had nevertheless breached its express terms.

Finally, Defendant's contention that Plaintiffs suffered no damages is an impermissible attempt to reargue its summary judgment motion. *Edison C. F., No. CV 20-15455 (SRC),* 2021 WL 1997386, at *4. Defendant's reconsideration brief and motion for summary judgment are nearly identical on this issue. *Compare* D.E. 337-1 at 10 *with* D.E. 282-1 at 16-17.

Defendant does not raise an intervening change in the controlling law or the availability of

8

new evidence not previously available. Defendant has otherwise failed to show clear errors of law or the need to prevent manifest injustice. The motion for reconsideration is denied.

IV.   **CONCLUSION**

For the reasons stated above, Defendant's motion for reconsideration, D.E. 337, is denied and Defendant's motion for an extension of time, D.E. 341, is denied. An appropriate Order accompanies this Opinion.

Dated: August 16, 2021

_____<br>John Michael Vazquez, U.S.D.J.