<u>Not for Publication</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VAUDRAL LUXAMA, CHANDLER LUXEUS, JAVIER R. GARCIA, FREDO BONHOMME, SANTOS MALDONADO, and CHANEL FONTIN, *each individually and as class representatives*, <br><br> *Plaintiffs*, <br><br> v. <br><br> IRONBOUND EXPRESS, INC., <br><br> *Defendant*. | Civil Action No. 11-2224 <br><br> **OPINION & ORDER** |

<u>**John Michael Vazquez, U.S.D.J.**</u>

This matter comes before the Court by way of Plaintiffs' motion to approve their form of class notice. D.E. 370. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiffs' motion is **GRANTED in part** and **DENIED in part**.

**I.      BACKGROUND**

The Court has previously outlined in detail the factual background of this matter. *See*, *e.g.*, March 25, 2021 Opinion, D.E. 333 ("SJ Op."). As a result, the Court provides only a brief review of the relevant background.

---

[1] Plaintiffs' letter memorandum of law in support of their motion, D.E. 370-3 ("Br."); the certification of Steven I. Adler in support of Plaintiffs' motion, D.E. 370-1 ("Adler Cert."), and the attached exhibit, D.E. 370-2; Defendant's brief in opposition, D.E. 371 ("Opp."), and the attached exhibits, D.E. 371-1, 371-2.

The operative pleading is Plaintiffs' Third Amended Complaint, D.E. 118.  SJ Op. at 2, n. 3.  Defendant is an intermodal container and chassis transport company based in Newark, New Jersey.  *Id*. at 2-3.  Defendant contracts with steamship lines and other customers to transport shipping containers and chassis to and from ports, shipping terminals, and customer locations throughout the Northeast and elsewhere in the United States.  *Id*. at 3.  Named Plaintiffs are six individuals who perform services as owner-operator truck drivers and who leased or currently lease their tractors to transport shipping containers and/or chassis for Defendant.  *Id*.  Defendant engages drivers, such as Plaintiffs, to provide transportation services pursuant to a written lease agreement.  *Id*.  Plaintiffs claim that the leases agreements violate the Truth-in-Leasing regulations, 49 C.F.R. § 376.1 *et seq*., promulgated under the Motor Carrier Act, 49 U.S.C. § 1401 *et seq*.  *Id*. at 2, 22-25.

The parties have engaged in multiple rounds of class certification briefing.  Plaintiffs' first motion for class certification was mooted.  *See* D.E. 77, 78.  On December 27, 2018, the Court granted in part and denied in part Plaintiffs' second motion for class certification.  D.E. 227, 228. The Court certified the following Rule 23(b)(2) class for declaratory and injunctive relief regarding the alleged Truth-in-Leasing violations:

> All independent owner-operators who entered into a regulated lease
> with Defendant, directly or indirectly through Defendant's agents,
> and whose regulated lease was in effect at any time between April
> 20, 2007 through the pendency of this action.

*Id*.  The Court denied Plaintiffs' motion without prejudice with respect to the proposed Rule 23(b)(3) class and with prejudice with respect to the proposed Rule 23(b)(1) class.  *Id.*  Plaintiffs subsequently submitted a third motion for class certification seeking to certify a Rule 23(b)(3) class.  D.E. 245.  On January 27, 2021, the Court granted in part and denied in part Plaintiffs' motion and certified the following Rule 23(b)(3) class:

> a Rule 23(b)(3) liability class as to Plaintiffs' breach of contract
> claims regarding detention time and parking space rental, and as to
> Defendant's alleged violations of the Truth-In-Leasing regulations
> consisting of all independent owner-operators who entered into a
> regulated lease with Defendant, directly or indirectly through
> Defendant's agents, and whose regulated lease was in effect at any
> time between April 20, 2007 through the pendency of this action.

D.E. 331, 332.

On October 25, 2021, Judge Clark ordered the parties to submit an agreed-to form of class

notice for the Court's approval.  D.E. 365.  The parties subsequently notified the Court that they

were unable to agree on the form of notice.  D.E. 366.  The Court then ordered Plaintiffs to submit

a motion to approve their proposed notice.  D.E. 367.  The current motion followed.  D.E. 370.

## II.    LEGAL STANDARD

Rule 23(c)(2)(B) governs the form of class notice for a Rule 23(b)(3) class.[2]   Rule

23(c)(2)(B) requires, in relevant part, the following:

> [T]he court must direct to class members the best notice that is
> practicable under the circumstances, including individual notice to
> all members who can be identified through reasonable effort.  The
> notice may be by one or more of the following: United States mail,
> electronic mail, or other appropriate means.  The notice must clearly
> and concisely state in plain, easily understood language: (i) the
> nature of the action; (ii) the definition of the class certified; (iii) the
> class claims, issues, or defenses; (iv) that a class member may enter
> an appearance through an attorney if the member so desires; (v) that
> the court will exclude from the class any member who requests
> exclusion; (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule
> 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

In addition to being clear and concise, class notice must be neutral and avoid endorsing the

merits of the claim.  *See Hoffman La–Roche v. Sperling*, 493 U.S. 165, 173 (1989) ("In exercising

---

[2] The parties agree that notice need only be sent to the Rule 23(b)(3) class and not to the Rule
23(b)(2) class.  *See* Br. at 3; Opp. at 1 n.2.

the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality."); *Korrow v. Aaron's Inc.*, Civ. No. 10-6317, 2015 WL 7720491, at *9 (D.N.J. Nov. 30, 2015) (same); *see also In re Deepwater Horizon*, 739 F.3d 790, 819 (5th Cir.) ("[C]lass notice must describe the proceedings in objective, neutral terms.") (internal quotation marks omitted).

### III.   ANALYSIS

#### A. Form of Notice

Plaintiffs submitted their proposed class notice form, D.E. 370-2 ("Plaintiffs' Class Notice"), which modifies the proposed class notice form submitted by Defendant on November 15, 2021, D.E. 366-1.  Plaintiffs argue that their class notice form should be approved because it is easier to understand and excludes language intended to chill potential class members from remaining in the case.  Br. at 5.  Defendant contends that Plaintiffs' Class Notice is insufficient as it does not provide the putative class with meaningful notice of the matter and an opportunity to exclude themselves from the class.  Opp. at 1.  Defendant also submitted a proposed form of class notice, D.E. 371-1 ("Defendant's Class Notice"), which incorporates some of Plaintiffs' proposed modifications.  As a result, the Court uses Defendant's Class Notice as the template and addresses only those modifications that Defendant has not accepted in its proposed form of class notice.

First, Plaintiffs propose including explanatory parentheticals in the cover page section summarizing the notice recipients' rights and options "so that Drivers fully understand what it means to remain in the case or to request exclusion."  Adler Cert. ¶ 5a.  Specifically, Plaintiffs propose including the following description for the option "Ask to be Excluded":

> (If you ask to be excluded and money or benefits are later awarded, you will not share in those.  But you keep any rights to sue Ironbound separately about the same claims in this lawsuit).

Plaintiffs' Class Notice at 1.  Plaintiffs propose including the following description for the option "Do Nothing":

> (By doing nothing you retain the right to receive money and benefits that may come from a trial or settlement.  If you do nothing, you will automatically be part of this lawsuit).

*Id.*  Defendant argues that these proposed parentheticals are redundant and should therefore be deleted.  Opp. at 5.  The Court agrees that the parentheticals are unnecessary, as the notice recipients' rights and options are explained in detail in Section III of the class notice.  *See Korrow v. Aaron's Inc.*, Civ. No. 10-6317, 2016 WL 6440124, at *5 (D.N.J. Oct. 28, 2016) (finding that one portion of the proposed class notice did not need to incorporate Defendant's counterclaim because a different portion included a description of the counterclaim).  Therefore, Defendant's Class Notice need not include the proposed explanatory parentheticals.

Second, Plaintiffs propose deleting language on the cover page of the notice reading "**To be excluded, you must act before [90 DAYS FROM MAILING DATE].**"  Plaintiffs' Class Notice at 2 (emphasis in original).  Plaintiffs also strike the references to the 90-day period in other portions of the class notice.  Plaintiffs' counsel explains that "rather than track each notice based on the date mailed, Plaintiffs request that a common date be designated for all Drivers by which their exclusion form must be postmarked."  Adler Cert. ¶ 5c.  Defendant responds that all notices should be mailed out on the same day, and thus 90 days after the mailing date constitutes the requested "common date."  Opp. at 2.  The Court agrees that 90 days from the mailing date suffices to provide a common date by which notice recipients must opt out of the class.  Accordingly, the Court will not remove or modify the references to the 90-day period in Defendant's Class Notice.

Third, the parties disagree whether a third-party administrator ("TPA") should oversee the class notice process.  Plaintiffs do not explicitly object to the use of a TPA, but they remove all references to the TPA in their proposed class notice and instead include contact information for

class counsel to "enable Drivers to make an informed decision if they do not understand the class action process and…reduce or eliminate Drivers' calls to the Court." Adler Cert. ¶ 5f.  However, Plaintiffs do not explain why those goals would not be achieved if a TPA, rather than counsel, were to oversee the class notice process.  Nor do Plaintiffs provide any rationale for why a TPA should not be used in this case.  Defendant, on the other hand, submits that using a TPA is "necessary and economical" because it ensures the neutrality and integrity of the class notification process, protects potential class members' privacy interests, and saves the parties time and costs associated with the notice process.  Opp. at 7.  As Plaintiffs have not provided, and the Court has not independently found, any reason why a TPA should not be used, a TPA should be appointed to oversee the class notice process.  However, the Court must approve of the proposed TPA prior to its appointment.  To that end, the Court requires the following information:  (1) the TPA's qualifications and experience; (2) the TPA's responsibilities, such as disseminating notice to potential class members (including all related issues, such as the updating of outdated addresses as well as plans to re-mail notices that are returned as undeliverable), hosting a neutral website on which key documents will be available, and providing a toll-free number call center; and (3) the estimated costs for the TPA.

Fourth, Plaintiffs oppose the inclusion of language that they consider "chilling."  Adler Cert. ¶ 5d.  Specifically, they object to the following sentence in Section III.B.2 of the class notice: "You MUST be able to prove damages in order to recover."  Plaintiffs' Class Notice at 4. Similarly, Plaintiffs propose changing the language in Section III.C from "You will be required to provide information and documents," to "You may be required to provide information and documents." *Id.*  Plaintiffs contend that at least the Rule 23(b)(2) class need not prove damages to recover.  Adler Cert. ¶ 5d.  However, as noted, the parties agree that class notice should be sent to

prospective Rule 23(b)(3) class members only, so Plaintiffs' argument misses the mark.  Further,

it is appropriate for class notices to inform potential class members that they may be called upon

to submit information concerning their claims.  Language conveying this information has been

included in model class notices and endorsed by various district courts.  *See*, *e.g.*, *3 West's Fed.*

*Forms, District Courts-Civil* § 18:104 (5th ed.); *In re Shell Oil Refinery*, 152 F.R.D. 526, 529 (E.D.

La. 1989); *Lamb v. United Sec. Life Co.*, 59 F.R.D. 25, 43 (S.D. Iowa 1972).  Therefore, the Court

approves of the inclusion of similar language in Defendant's Class Notice.  However, consistent

with the model language set forth in *3 West's Fed. Forms, District Courts-Civil* § 18:104 (5th ed.),

the Court will modify the language "You will be required to provide information and documents,"

to the following:

> If you remain a member of the class action (by not choosing to be
> excluded from it), you will be asked to provide relevant information
> as to your claim.

Given the inclusion of the above language, the Court finds that the sentence "You MUST be able

to prove damages in order to recover," is unnecessary to put potential class members on notice that

by remaining in the class, they will need to provide information about their claims.  Moreover,

"damages" is a legal word, which may confuse the putative class members.  Thus, this sentence

should be excluded from Defendant's Class Notice.

Plaintiffs also object to the following language in Section III.C of the class notice because

it "was included by Ironbound to encourage Drivers to opt-out," Adler Cert. ¶ 5e:

> You…may be required to appear for and testify at a deposition,
> testify at trial, and/or otherwise actively participate in the lawsuit.

Plaintiffs' Class Notice at 4.  Defendant contends that this language is "necessary" as it relates to

"obligations if [notice recipients] remain in the lawsuit."  Opp. at 4.  In support of its argument,

Defendant cites to cases noting that discovery from unnamed class members should be permitted

where there is a need or in special circumstances. *See In re Modafinil Antitrust Litig.*, 837 F.3d 238, 256 n.17 (3d Cir. 2016), *as amended* (Sept. 29, 2016) (noting that there is a heightened standard for obtaining discovery from unnamed class members, but that such discovery should be allowed where there is a demonstrable need) (citing *Moore's Federal Practice* § 33.20 ("Reasonable discovery…should be permitted from unnamed class members when the special circumstances of the case justify it."); *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974) ("The taking of depositions of absent class members is—as is true of written interrogatories—appropriate in special circumstances."). However, as a general matter, "an absent class-action plaintiff is not required to do anything." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985); *see also In re Lucent Techs. Inc. Sec. Litig.*, Civ. No. 00-621, 2002 WL 32815233, at *2 (D.N.J. July 16, 2002) (absent class members "should be treated as passive class members and thus not subject to discovery"). And as articulated in Defendant's cited cases, discovery from unnamed class members is permitted only when the need arises or in special circumstances. *See* Opp. at 4-5. Thus, the potential chilling effect of the contested language outweighs the need to inform notice recipients of their potential obligations should they choose to remain in the class and should special circumstances necessitating discovery from unnamed class members arise. *Cf. Bath v. Red Vision Sys., Inc.*, Civ. No. 13-02366, 2014 WL 2436100, at *7 (D.N.J. May 29, 2014) (rejecting argument that opt-in notice should contain language that would "have the potential of chilling participation in the collective action"). Therefore, the Court agrees with Plaintiffs that the contested language should be excluded from Defendant's Class Notice.

Plaintiffs additionally propose excluding the following sentence from Section III.C: "You may also advise the Court if at any time you consider that you are not being fairly and adequately represented by Plaintiffs' attorneys." Plaintiff's Class Notice at 4. Rule 23(c)(2)(b) requires that

class notice inform class members that they "may enter an appearance through an attorney if the member so desires."  Fed. R. Civ. P. 23(c)(2)(B).  Defendant's Class Notice currently contains language meeting this requirement.  *See* Defendant's Class Notice at Section III.C ("You have the right to hire your own attorney to represent you in this lawsuit or to file an independent lawsuit.").  The Court will exclude the disputed sentence from Defendant's Class Notice.  However, the Court will revise the language in the second bullet point of Section III.C to the following:

> You have the right to hire your own attorney at your own cost to represent you in this lawsuit or to file an independent lawsuit.  If you do not hire an attorney of your own, Plaintiffs and Plaintiffs' attorneys will act as your representatives.  Additionally, if the claims in this lawsuit are settled, you will have an opportunity to object to the proposed settlement and you may retain your own attorney, at your own cost, for purposes of objecting.

Finally, Plaintiffs propose modifying the Request for Exclusion form by including the sentence "If you wish to remain in this case, do nothing," before the sentence "If you wish to be excluded from this lawsuit, you must complete and return the postcard or this form[.]"  Plaintiff's Class Notice at 6.  Defendant excluded Plaintiffs' proposed sentence in its class notice form but did not provide a reason for the exclusion.  The Court finds that the contested sentence provides additional clarity to notice recipients that they need not return the Request for Exclusion form or the provided postcard if they intend to remain in the case.  Accordingly, this sentence should be included in the Request for Exclusion form.  However, for the reasons discussed above, the Court rejects Plaintiffs' modifications to the Request for Exclusion form relating to the 90-day period and the TPA.

In sum, subject to the modifications discussed above, the Court approves Defendant's Class Notice.

### B. Dissemination of Notice

Plaintiffs request that Defendant provide the last known physical addresses for putative class members, Br. at 4, and Defendant has agreed to such request, Opp. at 6. Plaintiffs also request that the Court order Defendant to provide the email addresses of all putative class members so that notice may be given electronically. Br. at 4. Defendant states that it did not maintain the email addresses of putative class members in the regular course of business and is attempting to gather the email addresses in its possession. Opp. at 6. Notice by first-class mail to the last known address has been deemed adequate to meet the Rule 23(c)(2) standard. *See Zimmer Paper Prod., Inc. v. Berger & Montague, P.C.*, 758 F.2d 86, 91 (3d Cir. 1985) (listing cases). However, the Court finds that the best notice practicable under the circumstances would include notice by first-class mail and electronic mail. *See Gilbertson v. J. Givoo Consultants I, Inc.*, Civ. No. 20-6991, 2021 WL 689114, at *2 (D.N.J. Feb. 23, 2021) ("[T]he practice of permitting notice by USPS and additional electronic means, including email and text messaging, finds ample support in this district.") (listing cases). Therefore, to the extent Defendant is able to provide the email addresses of putative class members, notice should additionally be disseminated by email.

### 1. CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 1st day of June 2022 hereby

**ORDERED** that Plaintiffs' motion for approval of their class notice form, D.E. 370, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Defendant's Class Notice, D.E. 371-1, is adopted subject to the Court's modifications set forth above; and it is further

**ORDERED** that Plaintiffs shall have thirty (30) days to submit the required information as to the proposed TPA as well as a revised class notice form—conforming to the specifications set forth in this Opinion and Order and reflecting the use of the proposed TPA—for final approval by the Court; and it is further

**ORDERED** that once the revised class notice receives final approval from the Court, notice shall be disseminated by first-class mail and, where possible, electronic mail.

John Michael Vazquez, U.S.D.J.