**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

(973) 776-7700

CHAMBERS OF
**JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**

MARTIN LUTHER KING
FEDERAL COURTHOUSE
50 WALNUT STREET
NEWARK, NJ 07101

September 16, 2024

**LETTER OPINION**

Re:   **Luxama, et al. v. Ironbound Express, Inc.**
      **Civil Action No. 11-2224 (JBC)**

Dear Counsel:

Presently pending before the Court is a motion by Plaintiffs Vaudral Luxama, Chandler Luxeus, Javier R. Garcia, Kimberly M. Bonhomme, Santos Maldonado and Chanel Fontin (collectively "Plaintiffs") for an Order formally effecting this Court's directive, issued via Opinion and Order dated March 26, 2021 by former United States District Judge John M. Vazquez, see Dkt. Nos. 333 & 334, that Defendant Ironbound Express, Inc. ("Defendant"), be permanently enjoined from executing any vehicular leases that contain language inconsistent with, or lack language consistent with, pertinent governing regulations. See Dkt. No. 441. Defendant opposes the motion. See Dkt. No. 442. This motion has been referred for final decision to the undersigned on consent of the parties via Order dated July 1, 2024, signed by United States District Judge Michael E. Farbiarz, the District Judge currently presiding over this case. See Dkt. No. 454.[1] The Court has considered the submissions of the parties, see Dkt. Nos. 441 (Plaintiffs' Motion and supporting papers), 442 (Defendant's Response), and 445 (Plaintiffs' Reply), and decides this motion without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons that follow, Plaintiffs' motion is granted and the Court will Order (to the extent such an Order is necessary) that the injunctive

---

[1] The Consent Order signed by Judge Farbiarz also referred to the undersigned the authority for "conducting all remaining settlement approval proceedings in this matter." See Dkt. No. 454, at 1.

relief directed by Judge Vazquez in March of 2021 is effective and in force and that Defendant is permanently enjoined from entering into any vehicular leases with Plaintiffs which contain language inconsistent with, or which lack language consistent with, pertinent governing regulations.

## I. Background

Most of the facts underlying the present dispute are a matter of record and the salient facts are largely, if not entirely, undisputed. Plaintiffs are a class of tractor trailer owner operators who, during the relevant time period, leased their tractor-trailers and driving services to Defendant, a company engaged in interstate trucking services, pursuant to a form lease agreement. In their Third Amended Complaint, the operative pleading in this matter, see Dkt No. 118, Plaintiffs allege inter alia, that Defendant's form of lease violates the federal Truth-in-Leasing Regulations, 49 C.F.R. §376 et seq. (the "TIL Regulations"), and Plaintiffs seek a variety of redress including damages and injunctive relief.

In December of 2018, this Court certified a class under Federal Rule of Civil Procedure 23(b)(2) for declaratory and injunctive relief with respect to Plaintiffs' claims for violations of the TIL Regulations. Specifically, the Court issued an Order, see Dkt No. 228, certifying the following class:

> All independent owner-operators who entered into a regulated lease with Defendant, directly or indirectly through Defendant's agents, and whose regulated lease was in effect at any time between April 20, 2007 through the pendency of this action.

Subsequently, on January 27, 2021, the Court granted Plaintiffs' motion for certification of a Rule 23(b)(3) liability class based on Plaintiffs' claims for breach of contract and violations of the Regulations, consisting of all independent owner-operators who entered into a regulated lease with Defendant, directly or indirectly through Defendant's agents, and whose regulated lease was in effect at any time between April 20, 2007 through the pendency of this action. See Dkt. No. 332.

Shortly thereafter, on March 26, 2021, the Court addressed a motion for summary judgment filed by Plaintiffs and issued an Opinion and Order granting that motion in part and denying it in part. See Dkt.

No. 333. Of note, the Court granted Plaintiffs' motion for summary judgment as to their claim for a declaratory judgment that the Lease in question violates 49 C.F.R. §§376.12(d), 12(g), 12(h), and further granted Plaintiffs' motion for summary judgment as to their claim for injunctive relief. Specifically, with respect to injunctive relief, the Court ordered as follows:

> The factors for a permanent injunction have been satisfied. The Court will enjoin the Defendant from entering into leases with Plaintiffs containing or lacking language consistent with 49 C.F.R. §376.12(d), 49 C.F.R. §376.12(g), and 49 C.F.R. §376.12(h). Within 10 days of this Opinion, Plaintiffs shall submit proposed language for the injunction order to the Court.

Dkt. No. 333, at 50. The Court accompanied its Opinion – and, more importantly, this specific observation from its Opinion regarding the propriety of injunctive relief – with an Order that indicated in no uncertain terms that the Court had in fact "ORDERED that Plaintiffs' motion for summary judgment as to their claim for injunctive relief as to 49 C.F.R. §§376.12(d), 12(g), 12(h) is GRANTED." Dkt No. 334, at 2.

Following issuance of this decision, approximately three years passed with nary a mention of injunctive relief from either side. The parties engaged in sporadic but concerted efforts to settle the case, efforts that finally met with success toward the end of 2023. It was during the finalization of the settlement agreement that Plaintiffs' counsel for the first time realized they had not submitted a form of Order regarding the exact contours of injunctive relief within ten days of the Court's March 26, 2021 Opinion despite the Court's directive that they do so. Plaintiffs' counsel have freely admitted that the failure to do so was a result of mere inadvertence, see Dkt. No. 441-1, at 4, but they now request the entry of an Order out of time to finally and formally enunciate and memorialize the Court's directive that injunctive relief is granted in their favor. For a variety of reasons, Defendant has refused to consent to the entry of such an Order. As a result, Plaintiffs have filed the present motion.

**II.   The Parties' Arguments.**

In their initial papers in support of the present motion, Plaintiffs offer a simple and rather straightforward argument in favor of the requested relief. Initially, Plaintiffs point to the salutary purpose behind the TIL regulations at issue and note that this purpose will surely be advanced by entry of an Order confirming and memorializing the subject injunctive relief. See Dkt. No 441-9, at 2-4. Moreover, Plaintiffs note that the Court's March 26, 2021 Opinion granting injunctive relief merely "order[ed] Ironbound to do what it is required but failed to do in the first place: ensure that its Leases complied with the law." Id. at 4. Plaintiffs further observe that nothing about their current request is inconsistent with the law and that entry of the requested Order can hardly be viewed as causing Defendant undue surprise or creating any sort of injustice. Finally, Plaintiffs reference Local Civil Rule 83.3, which generally calls for a just determination of all matters before the Court, and they urge that "fairness and justice dictate that the relief deemed appropriate and necessary by Judge Vazquez be reflected in an Order." Id.

In response, Defendant offers three primary arguments against Plaintiffs' present request for relief. First, Defendant contends that the Order presently requested by Plaintiffs regarding injunctive relief is precluded by the law of the case doctrine. More specifically, Defendant claims that because Judge Vazquez has already ruled on the issue of injunctive relief, the Court should now refuse to revisit or in any way disturb that decision. See Dkt. No. 442, at 6-8. Defendant notes that while the Court maintains the inherent power to revisit its decisions, it should hesitate to do so in the "absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice." Id. at 7 (citing White v. Smiths Detection, Inc., 2013 WL 1845072, at 19 (D.N.J. April 30, 2013)(citation omitted)). Here, Defendant argues, no extraordinary circumstances exist that would justify a further Order from the Court regarding this issue of injunctive relief, and the Court should therefore reject Plaintiffs' application.

4

Second, Defendant contends that Plaintiffs' present request for an Order concerning injunctive relief is barred because the parties have already reached a formal settlement of this dispute. Defendant notes that agreements to settle are generally binding upon the parties, and Defendant posits that Plaintiffs' request for injunctive relief was not an essential term of the settlement reached between the parties. Id. at 8-9. That being so, Defendant suggests, there is no present basis for disturbing the settlement by injecting a new settlement term via a Court Order regarding injunctive relief. The fact that Plaintiffs' counsel inadvertently neglected to include injunctive relief as part of the settlement negotiations, Defendant argues, is not grounds for modifying the settlement now with the relief Plaintiffs are seeking. Simply put, Defendant contends that "[s]ince the parties did not condition the settlement on the entry of an injunction, Plaintiffs['] 'legal rights' to obtain injunctive relief have since been 'extinguishe[d]' by the settlement of this matter." Id. at 10 (citing Cooper-Jarrett v. Central Transport, Inc., 726 F.2d 93, 96 (3d Cir. 1984); Sea Gate Beach Club Corp. v. United States, 190 F. Supp.3d 310, 313 (E.D.N.Y. 2016))

Finally, Defendant contends that the present motion for an Order granting injunctive relief must be denied because Plaintiffs failed for three years to submit a form of Order for injunctive relief as directed by Judge Vazquez, and this failure falls woefully short of satisfying the excusable neglect standard of Federal Rule of Civil Procedure 6(b)(1)(B) for extending time after a deadline has passed. Id. at 11-17. Defendant begins by assailing Plaintiffs' reference to Local Civil Rule 83.3 in support of their position, arguing that Rule 83.3 only applies in the absence of an applicable rule or statutory provision and that Federal Rule of Civil Procedure 6(b)(1)(B) is the rule applicable to this situation. Id. at 11-12. Defendant then suggests that, in order to evaluate excusable neglect under Rule 6(b)(1)(B), the Court must consider four factors: "1) the danger of prejudice to the non-movant, 2) the length of delay and the impact on judicial proceedings, 3) the reason for the delay, including whether it was within the control of the movant, and 4) whether the movant acted in good faith." Id. at 12 (citing Pioneer Investment Service Co. v.

Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993)).  Defendant contends that on balance, evaluation of these factors "weigh against a finding of excusable neglect," id., because the relief requested by Plaintiffs would prejudice Defendant by materially altering the terms of the parties' negotiated settlement, because the length of the delay is beyond anything reasonably contemplated under Rule 6, because the delay was ascribable solely to the inadvertence of counsel for Plaintiffs, and because Plaintiffs simply did not act in good faith since they delayed their request for relief for over three years.

Plaintiffs provide a few short arguments in reply.  Dkt. No. 445, at 6-12.  With respect to Defendant's argument concerning law of the case, Plaintiffs contend that the doctrine does not apply as they are not seeking reconsideration of a prior decision of the Court but are rather seeking an Order that will give force and effect to relief the Court has already indicated it will grant.  Concerning Defendant's argument that the requested Order will improperly affect the terms of the settlement agreement, Plaintiffs urge that they did not abandon their desire for injunctive relief by agreeing to settle the case and that the settlement agreement in no way extinguishes the right of Plaintiffs to receive injunctive relief.  Lastly, with regard to Defendant's timeliness argument, Plaintiffs begin by arguing that the ten-day period set by Judge Vazquez for the submission of a form of Order for injunctive relief was in no way a hard and fast filing deadline such that Federal Rule of Civil Procedure 6(b)(1)(B) should be viewed as governing any extensions of that period.  Nevertheless, assuming arguendo that Rule 6 does apply, Plaintiffs contend that their delay in seeking the relief now requested can hardly be viewed as unduly prejudicing Defendant, that the length of the delay has had little impact on these proceedings, that the delay was not a product of any improper purpose, and that there is no basis for Defendant's claiming that Plaintiffs did not act in good faith.  Plaintiffs go on to suggest that Defendant's present opposition to the entry an Order effecting relief clearly intended by the Court is perhaps the most notable act of bad faith in this matter, and Plaintiffs

conclude with a reiteration of their position that "justice, fairness, and the public interest" all counsel in favor of granting the relief that Plaintiffs request.

### III. Analysis.

The Court will address in turn each of Defendant's three principal arguments for denying the relief presently requested by the Plaintiffs.

First, with regard to Defendant's argument concerning law of the case, the Court understands and agrees with Defendant's position that it should not lightly revisit prior decisions regarding substantial issues in the case but should rather only disturb its earlier decisions if it concludes there are extraordinary circumstances justifying reconsideration or reevaluation. The Court agrees with Plaintiffs, however, that Plaintiffs are not presently asking the Court to reconsider or revisit prior decisions made in this case; rather, Plaintiffs are seeking an Order that will formally enunciate and provide more specific contours to relief that the Court has already granted. As much as anything, Plaintiffs seem to be concerned that without formal entry of the requested Order, they may be leaving open a loose end that will be confused or exploited should a potential violation of the subject injunctive relief ever arise. The Court understands this concern and does not believe that it alters the basic fact that in March of 2021 Judge Vazquez clearly announced that the subject injunctive relief would be granted.

Next, with respect to Defendant's argument regarding settlement and its effect on Plaintiff's present application, the Court agrees with Defendant that final settlement of a case will normally preclude a party from subsequently asking for additional relief. While the Plaintiffs in turn assert that they never abandoned their desire for injunctive relief and that their request has not been extinguished by settlement of the case, neither side focuses on what the Court considers to be the principal relevant concern – that is, what was the actual state of affairs before the Plaintiffs brought the present application? Based on the Court's review of the record, it not only appears clear from his March 26, 2021 Opinion that Judge

7

Vazquez intended to grant the injunctive relief now being discussed, Dkt. No. 333, at 50, but it further is quite clear that he did in fact specifically direct that said relief was granted in his Order accompanying that Opinion.  Dkt. No. 334, at 2.  Therefore, as far as the Court is concerned, the relief presently sought has already been granted.  While it is true that Judge Vazquez asked Plaintiffs to submit a form of Order within 10 days of the issuance of his Opinion, presumably for the purpose of more precisely defining the specifics of the injunctive relief he ordered, the failure of Plaintiffs to do so does not change the fact that Judge Vazquez ordered the relief.  There is nothing in the record to indicate, or even to suggest, that the failure of Plaintiffs to submit the requested Order would serve to defeat injunctive relief or undermine Judge Vazquez's clearly expressed intent, both in his Opinion and his Order, that such relief was granted.  Indeed, the Court is not even sure that the Order requested by Plaintiffs is necessary to the injunctive relief now being discussed, but the Court is inclined to enter such an Order for the salutary purposes of once and for all outlining the contours of said relief and removing the possibility that the absence of any such Order might be used in an attempt to avoid the consequences of a violation.

Finally, with respect to Defendant's timeliness argument, it seems appropriate to observe at the outset that in view of the Court's conclusion that the injunctive relief at issue has actually been in effect since March 26, 2021, any timeliness argument may no longer be a concern.  Still, Plaintiffs do seek an Order nearly three years out of time, and notwithstanding Plaintiffs' arguments that Rule 6(b)(1)(B) does not apply to this situation, the Court will engage in a brief analysis of its potential application.  Considering the four factors outlined in Pioneer Investment Service Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993), the Court concludes that on balance these factors do not preclude the Order now requested by the Plaintiffs.  Plaintiffs' lengthy delay in seeking the requested relief cannot be viewed as significantly prejudicing the Defendant, since Judge Vazquez had already made clear in 2021 that the relief at issue was being granted.  Moreover, it appears clear to the Court that the delay, although

8

substantial, has had little impact on these proceedings, was not a product of any improper purpose, and was not a result of any lack of good faith on the part of Plaintiffs. For these reasons, Defendant's timeliness argument does not serve to defeat Plaintiffs' present request for relief.

## IV. Conclusion.

For the reasons stated above, Plaintiffs' motion [Dkt. No. 441] is **GRANTED**. An appropriate Order accompanies this Letter Opinion.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**

Dated: September 16, 2024

9